JENNIE SAPIRSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 106660, 109215.  Promulgated October 15, 1942.

*Ezra Z. Shapiro, Esq.*, for the petitioner.
*Lawrence R. Bloomenthal, Esq.*, for the respondent.

#### OPINION.

HILL: This is a consolidated proceeding for the redetermination of income tax deficiencies of $6,911.19 and $9,174.28 for the fiscal years ended June 30, 1939, and June 30, 1940, respectively. The issue is the same for each taxable year, that is, whether respondent's action in including in the gross income of petitioner the income of a trust of which she was the settlor is proper.

The facts were all stipulated and as stipulated are hereby adopted as our findings of fact. Only those facts necessary to an understanding of the issue will be set forth.

The petitioner is an individual with residence at 823 E. Boulevard, Cleveland, Ohio. The returns for the taxable years were filed with the collector of internal revenue for the eighteenth district of Ohio.

On July 1, 1938, petitioner established a trust making her husband the trustee. The corpus of the trust consisted of all her right, title, and interest in the American Greeting Publishers, a partnership of Cleveland, Ohio, in which petitioner was a 38 percent partner. Her husband and three sons were partners in this partnership. Certain realty was also included in the corpus. The trust instrument provided, *inter alia:*

#### ITEM II.

The TRUSTEE shall, in the exercise of his sole judgment and discretion, have full power to sell, lease, transfer, assign, exchange, mortgage or encumber any part or all of the TRUST ESTATE and any accruals thereof arising in any manner whatsoever. * * *

#### ITEM III.

The Trustee shall hold and administer the TRUST ESTATE in accordance with the terms and provisions of the within TRUST INSTRUMENT * * *

As long as my husband Jacob Sapirstein shall continue to serve as the TRUSTEE hereunder, said TRUSTEE shall pay unto the SETTLOR during her lifetime, a minimum sum of Twelve Hundred ($1200) Dollars per year out of the income of the TRUST ESTATE and if there shall not be sufficient income to pay such annual sums of money unto the SETTLOR, then the TRUSTEE shall pay any part or all

thereof out of the corpus of the TRUST ESTATE, and in addition to such minimum annual payments as hereinabove provided for, *the* TRUSTEE *may, in the exercise of his sole judgment and discretion, at any time pay any additional sums of money unto the* SETTLOR, *either out of the income or the corpus of the* TRUST ESTATE. [Emphasis supplied.]

At such time as my husband, Jacob Sapirstein, shall no longer be serving as the TRUSTEE * * * said successor Trustees shall pay unto the SETTLOR during her lifetime, out of the earned income of the TRUST ESTATE, all of such income of any given year up to but not exceeding the sum of Five Thousand ($5,000) Dollars per year, * * * if * * * there shall not be sufficient income to pay a minimum sum of Twelve Hundred ($1,200) Dollars for such given year, then the successor Trustees shall pay out of the corpus of the TRUST ESTATE a sum sufficient to yield the SETTLOR such minimum sum of Twelve Hundred ($1,200) Dollars per year * * *. If, in any such given year, the earned income of said TRUST ESTATE shall exceed the sum of Five Thousand ($5,000) Dollars, all of such excess income * * * shall be added to and become a part of the corpus * * * and shall not be cumulated or considered as earned income in any succeeding annual period.

\*          \*          \*          \*          \*          \*          \*

### ITEM V.

This Agreement may be terminated by the SETTLOR at any time during her lifetime, provided the same is terminated during the lifetime of Jacob Sapirstein, the TRUSTEE herein named, and provided further that express written consent to such termination is first had and obtained by the SETTLOR from Jacob Sapirstein, said TRUSTEE herein named. In such event all of the assets and property of the TRUST ESTATE herein created shall forthwith be turned over, surrendered unto and become the property of the SETTLOR who shall then be restored to full and complete right, title, use and possession thereof.

### ITEM VI.

This Agreement shall terminate at the death of the SETTLOR at which time the entire TRUST ESTATE, together with all accruals, additions and proceeds thereof shall be surrendered and turned over unto the duly appointed, qualified and acting executors or administrators of her estate and shall be administered and disposed of in accordance with the terms and provisions of her Last Will and Testament.

There was in existence at the time of the execution of the trust instrument and until November 3, 1938, a last will and testament of the petitioner which provided in part:

ITEM 2. I give, devise and bequeath to my beloved husband, Jacob Sapirstein, all my property real, personal or mixed, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, absolutely and in fee simple. In making this bequest I am not unmindful of my duty to my children, but I have complete confidence that my beloved husband will take care of my children.

On November 3, 1938, petitioner revoked that will by the execution of another last will and testament which remained in effect throughout the taxable years. This latter will provided in part:

## Item II.

I do hereby give, grant, devise and bequeath unto my beloved husband, * * * all of the property, whether real, personal or mixed and wheresoever situate, constituting the entire Trust Estate and any accruals or proceeds thereof now being administered for my sole benefit under the terms of a certain Trust Agreement dated July 1, 1938, * * * which trust instrument I incorporate herein and make a part hereof as though fully rewritten herein by reference thereto and I do further order and direct, in accordance with the terms and provisions of said trust instrument that the same be terminated at once. I do hereby further give, grant, devise and bequeath unto my beloved husband, Jacob, * * * all of the rest, residue and remainder of my property, whether real, personal or mixed and wheresoever situate and of which I may be seized at the time of my decease.

If my beloved husband, Jacob, shall have predeceased me, then I do hereby give, grant, devise and bequeath all of my property, * * * in equal shares and proportions unto my beloved children, Irving, Morris, Harry and Minnie Bernice. * * *

Certain other provisions not here material were contained in this second will, providing for the distribution of the corpus in the event that both petitioner's husband and children predecease her.

There was no express or implied contract between petitioner and her husband obligating either of them to execute a will in favor of the other, nor was there such a contract forbidding revocation, alteration, or amendment of the last will and testament of petitioner dated November 3, 1938.

Petitioner received as a cash distribution from the trustee out of the trust estate the sums of $11,539.06 and $34,682.08 during the fiscal years ended June 30, 1939, and June 30, 1940, respectively. The petitioner reported the receipt of those sums in her income tax returns.

The trust reported for the fiscal years ended June 30, 1939, and June 30, 1940, the income which was received by it or which was credited to it. It deducted the amounts paid by way of cash distribution in each of the fiscal years.

Respondent contends that the income of the trust was taxable to petitioner because the trust was revocable by her with the consent of a person not having a "substantial adverse interest" under the provisions of the trust instrument. Therefore, he contends the income of the trust is taxable to petitioner as settlor under the provisions of sections 22 (a), 166, or 167 of the Revenue Act of 1938 and the Internal Revenue Code.

Petitioner contends that her husband had a substantial adverse interest because of certain Ohio statutes relating to dower and to descent and also because of the last will and testament of petitioner.

The various material sections of the Ohio statutes as set forth in Pages' Ohio General Code, 1938, provide *inter alia:*

*Sec. 10502–1.* Dower. A spouse who has not relinquished or been barred of it shall be endowed of an estate for life in one-third of all the real property of which the consort was seized as an estate of inheritance at any time during the marriage, but all such dower interest shall terminate and be barred upon the death of the consort except:

(a) To the extent that any such real property at any time during the marriage was conveyed by the deceased consort, the surviving spouse not having relinquished or been barred of dower therein; and

(b) To the extent that any such real property at any time during the marriage was encumbered by the deceased consort by mortgage, judgment, lien (except tax lien), or otherwise, or aliened during the marriage by judicial or other involuntary sale, the surviving spouse not having relinquished or been barred of dower therein. In the event any of the real property of which the deceased consort was seized as an estate of inheritance at decease was so encumbered, or so aliened prior to decease, the dower interest of the surviving spouse therein shall be computed on the basis of the amount of the encumbrance at the time of the death of such consort or such alienation, as the case may be, but not upon an amount exceeding the sale price of such property in any event.

In lieu of such dower interest as terminates and is barred pursuant to the provisions of this section, a surviving spouse shall be entitled to the distributive share provided by the statute of descent and distribution.

All dower interest shall terminate and be barred upon the granting of an absolute divorce in favor of or against such spouse by a court of competent jurisdiction within or without this state.

\*        \*        \*        \*        \*        \*        \*

*Sec. 10503–4.* Statute of descent and distribution.

When a person dies intestate having title or right to any personal property, or to any real estate or inheritance in this state, such personal property shall be distributed, and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:

\*        \*        \*        \*        \*        \*        \*

2. If there be a spouse and one child, or its lineal descendants, surviving, one-half to the surviving spouse and one-half to such child or its lineal descendants, per stirpes.

3. If there be a spouse and more than one child, or their lineal descendants, surviving, one-third to the surviving spouse and the remainder to the children equally, or to the lineal descendants of any deceased child, per stirpes.

\*        \*        \*        \*        \*        \*        \*

*Sec. 10504–55.* Election by surviving spouse. After the probate of the will and filing of the inventory, appraisement and schedule of debts, the probate court on the motion of the executor or administrator, or on its own motion, forthwith shall issue a citation to the surviving spouse, if any, to elect whether to take under the will or under the statute of descent and distribution; but in the event of election to take under the statute of descent and distribution, such spouse shall take not to exceed one-half of the net estate.  \*   \*   \*

Sections 166 and 167 of the Revenue Act of 1938 and the Internal Revenue Code provide in part:

### SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

\*      \*      \*      \*      \*      \*      \*

then the income of such part of the trust shall be included in computing the net income of the grantor.

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

\*      \*      \*      \*      \*      \*      \*

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor  \*  \*  \*

\*      \*      \*      \*      \*      \*      \*

then such part of the income of the trust shall be included in computing the net income of the grantor.

The issue is limited under sections 166 and 167, *supra*, to the question whether petitioner's husband was a "person not having a substantial adverse interest in the disposition of the corpus or income of the trust." The mere fact that a husband-wife relationship existed does not mean that one can not have an interest adverse to the other. *Stephen Hexter*, 47 B. T. A. 483.

The contention of petitioner that her husband had a substantial adverse interest in the disposition of the trust corpus and income based upon the right to conserve the trust property through the continuance of the trust in order to protect his rights of dower in petitioner's property and his rights as an heir or distributee of her estate, after her death, either under the Ohio statutes of descent and distribution or under the will of petitioner, is, we think, without substance. That appears to be the only basis of petitioner's claim of a substantial adverse interest on the part of her husband.

Certainly, by virtue of the terms of the trust instrument petitioner's husband had no interest in the corpus or income of the trust which was either adverse or substantial. A revocation of the trust would in no way affect the dower rights of petitioner's husband in her property nor would such revocation affect his rights in or to her estate, upon her decease, as an heir or distributee of such estate. Only a modification of the statutes or a revocation or modification of petitioner's will could effectuate a change of such rights.

Thus, during the lifetime of the husband the power to revest title to the corpus in the petitioner was vested in petitioner and her husband, a "person not having a substantial adverse interest in the disposition  \*  \*  \*  of the corpus or income therefrom." Sec. 166, *supra*. The entire income could have been distributed in the sole discretion of the trustee, petitioner's husband, a "person not having a substantial adverse interest in the disposition  \*  \*  \*  of the income." Sec. 167 (a) (2), *supra*.

The total income of the trust is taxable to petitioner under either of the above sections. Respondent's determination in this respect is approved.

In view of our holding as above indicated, it is unnecessary to consider respondent's further contention that the income in question is taxable under section 22 (a).

*Decisions will be entered for respondent.*